UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEAN M. PETTAWAY, individually and on behalf of all others similarly situated,

    Plaintiff,

vs.

NATIONAL RECOVERY SOLUTIONS, LLC; US ASSET MANAGEMENT, INC.; and JOHN AND JANE DOES 1-50,

    Defendants.

---

CASE NO.:

**CLASS ACTION**

**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**DEMAND FOR JURY TRIAL**

## I. PRELIMINARY STATEMENT

1. Plaintiff, JEAN M. PETTAWAY, on behalf of herself and all others similarly situated, brings this action for the illegal practices of Defendants, NATIONAL RECOVERY SOLUTIONS, LLC ("NRS"), US ASSET MANAGEMENT, INC. ("US ASSET"), and JOHN AND JANE DOES 1-50 ("DOES") (collectively, "Defendants") who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with their attempts to collect an alleged debt from Plaintiff and other similarly situated customers.

2. Plaintiff alleges that Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA").

3. Such collection practices include, *inter alia*, sending consumers written communications in an attempt to collect debts, which falsely state the consumers' alleged defaulted and charged-off debts are continuing to accrue daily interest, late charges, and other charges.

4. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. Congress, finding evidence of the use of abusive, deceptive, and

unfair debt collection practices by many debt collectors, determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

6. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); the threat to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

7. The FDCPA at 15 U.S.C. § 1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-exhaustive list of certain *per se* violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f (1)-(8).

8. The FDCPA at 15 U.S.C. §1692g mandates that a debt collector, in its initial communications with a consumer in connection with the collection of any debt, send the

consumer a written notice containing a non-exhaustive list of certain disclosures. Among these *per se* violations are: failing to state the amount of the debt, 15 U.S.C. 1692g(a)(1).

9. The Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

## II. PARTIES

10. PETTAWAY is a natural person.

11. At all times relevant to this lawsuit, PETTAWAY was a citizen of, and resided in, the Borough of the Bronx, Bronx County, New York.

12. At all times relevant to this Complaint, NRS is a limited liability company existing pursuant to the laws of the State of New York.

13. Plaintiff is informed and believes, and on that basis alleges, that NRS maintains its principal business address at 6425 Dysinger Road, Town of Lockport, Niagara County, New York.

14. At all times relevant to this Complaint, US ASSET is a corporation existing pursuant to the laws of the State of Delaware.

15. Plaintiff is informed and believes, and on that basis alleges, that US ASSET maintains its principal business address at 700 Longwater Drive, Town of Norwell, Plymouth County, Massachusetts.

16. Defendants JOHN AND JANE DOES 1-50 are sued under fictitious names because their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this

Complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

17. Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES 1-50, are natural persons and/or business entities all of whom reside or are located within the United States who are personally created, instituted, and, with knowledge that such practices were contrary to law, acted consistent with and oversaw the violate policies and procedures used by the employees of NRS and US ASSET that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by NRS and US ASSET and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

## III. JURISDICTION & VENUE

18. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §§ 1331 and 1337.

19. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because the Defendants are each subject to personal jurisdiction in the State of New York at the time this action is commenced.

## IV. FACTS ABOUT DEFENDANTS

20. US ASSET regularly purchases defaulted consumer debts from third parties.

21. After purchasing defaulted consumer debt from third parties, US ASSET undertakes to liquidate the debt both directly and indirectly.

22. US ASSET directly liquidates defaulted consumer debts by regularly filing lawsuits to collect them.

23. US ASSET indirectly liquidates defaulted consumer debts by hiring debt collectors such as NRS to collect them.

24. A majority of US ASSET's revenue is derived from the liquidation of defaulted consumer debts.

25. NRS regularly engages in the collection of defaulted consumer debts.

26. NRS regularly engages in the collection of defaulted consumer debts owed to others.

27. In attempting to collect debts, NRS uses the mails, telephone, the internet, and other instruments of interstate commerce.

28. NRS is a business the principal purpose of which is the collection of defaulted consumer debts.

### V. FACTS RELATING TO PLAINTIFF

29. NRS mailed or caused to be mailed a collection letter ("the Letter") to Plaintiff dated August 29, 2018. A true and correct copy of the Letter is attached hereto as *Exhibit A*, except the undersigned has redacted it.

30. The Letter alleged PETTAWAY had incurred and defaulted on a financial obligation (the "Debt").

31. The alleged Debt arose out of one or more transactions in which the money, property, insurance, or services that were the subject of the transactions were primarily for personal, family, or household purposes.

32. The Letter was NRS's first written communication to PETTAWAY attempting to collect the alleged Debt.

33. On information and belief, sometime prior to August 29, 2018, the creditor of the Debt either directly or through intermediate transactions assigned, placed, or transferred the debt to NRS for collection.

34. The Debt arose from a loan that Plaintiff co-signed to enable the son of a former boss to attend a school, college, or university.

35. The loan or loans comprising the Debt had been charged off prior to August 29, 2018.

36. As a result, though interest was accruing, late charges and other charges were not accruing on the Debt.

37. The Letter stated the "Amount Due" but also stated "Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater."

38. Plaintiff is informed and believes, and on that basis alleges, that the Debt is no longer accruing "late charges, or other charges that may vary from day to day."

39. Neither US ASSET nor NRS may legally or contractually impose late charges, or other charges on Plaintiff's Debt.

40. US ASSET does not, did not, and never will, add late charges, or other charges on the Debt.

41. NRS does not, did not, and never will add late charges, or other charges on the Debt.

42. *Exhibit A*'s disclaimer is materially false, deceptive, and misleading in that, *inter alia*, it falsely suggests to unsophisticated consumers that the amount of their debts will increase due to an undisclosed amount of "late charges and other charges" that "vary from day to day."

43. ***Exhibit A***'s disclaimer is materially false, deceptive, and misleading in that, *inter alia*, it states the consumer will owe an additional undisclosed sum of money after payment is tendered to NRS.

44. The Letter has deprived Plaintiff of truthful, non-misleading information in connection with NRS's attempt to collect a debt.

## VI. POLICIES AND PRACTICES COMPLAINED OF

45. It is the policy and practice of Defendants to engage in unfair and deceptive acts and practices in violation of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), 1692g(a)(1), and 1692f(1), by sending consumers letters, such as ***Exhibit A***, that falsely state the consumers' defaulted consumer loan debts will continue to accrue "late charges and other charges."

46. On information and belief, the Letter was created by merging information specific to a debt and consumer with a template to create what is commonly called a "form letter."

47. Consequently, on information and belief, Defendants caused the same form collection letter to be mailed to others who, like PETTAWAY, reside in the State of New York.

## VII. CLASS ALLEGATIONS

48. Plaintiff brings this claim on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

49. ***Class Definition.*** The Class consists of: All natural persons to whom Defendants mailed a written communication in the form of ***Exhibit A*** to an address in the State of New York on a charged-off student loan during the Class Period which begins on February 12, 2018 and ends on March 5, 2019.

50. The identities of the Class members are readily ascertainable from the business records of Defendants and those entities on whose behalf Defendants attempted to collect debts.

51. **Class Claims.** The Class claims include all claims each Class member may have for a violation of the FDCPA arising from NRS having mailed a written communication in the form of *Exhibit A* on behalf of US ASSET to such Class member.

52. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

53. **Numerosity.** On information and belief, the Class is so numerous that joinder of all members would be impractical and includes at least 40 members.

54. **Common Questions Predominate.** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members because such questions and issues concern the same conduct by Defendants with respect to each Class member.

55. **Typicality.** PETTAWAY's claims are typical of Class because those claims arise from a common course of conduct engaged in by Defendants.

56. **Adequacy.** PETTAWAY will fairly and adequately protect the interests of the Class members because she has no interests that are adverse to the interests of the Class members. Moreover, PETTAWAY is committed to vigorously litigating this matter and retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither PETTAWAY nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

57. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to the Class members

predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

58. Based on discovery and further investigation (including, but not limited to, disclosure by Defendants of class size and net worth), PETTAWAY may, in addition to moving for class certification using modified Class claims, Class definitions, or Class periods, seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

### VIII. CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

59. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

60. NRS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

61. US ASSET is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

62. JOHN AND JANE DOES 1-50 are each a "debt collector" as defined by 15 U.S.C. § 1692a(6).

63. The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

64. PETTAWAY is a "consumer" as defined by 15 U.S.C. § 1692a(3).

65. *Exhibit A* is a "communication" as defined by 15 U.S.C. § 1692a(2).

66. NRS and US ASSET, collectively and individually, violated the FDCPA. NRS and US ASSET's violations with respect to the written communications in the form attached as *Exhibit A* include, but are not limited to, the following:

    a) Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

    b) Making false, deceptive, and misleading representations concerning the

        character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   c)    Making false threats to take action that cannot legally be taken and/or that is not intended to be taken in violation of 15 U.S.C. §§ 1692e and 1692e(5);

   d)    Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10);

   e)    Failing to provide the amount of the debt in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692g(a)(1); and,

   f)    Using an unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692f.

## IX. PRAYER FOR RELIEF

67.    WHEREFORE, Plaintiff respectfully requests the Court enter judgment in her favor and in favor of the Class as follows:

   i.    An order certifying that this Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure including, but not limited to, defining the Class, the class claims, appointing Plaintiff as the class representative, and the undersigned counsel to represent the Class;

   ii.    An award of statutory damages for Plaintiff and the Class pursuant to 15 U.S.C. §1692k(a)(2)(B);

   iii.    An incentive award for Plaintiff, to be determined by the Court, for Plaintiff's services to the Class;

  iv. Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. §1692k(a)(3);

  v. An award of actual damages to Plaintiff and the Class to the extent the recovery of reasonable attorneys' fees and costs cause a negative tax consequence to Plaintiff and/or the Class; and

  vi. For such other and further relief as may be just and proper.

## X. JURY DEMAND

68. Plaintiff hereby demands that this case be tried before a Jury.

DATED: Uniondale, New York
    February 12, 2019

                     _____
                       Abraham Kleinman (AK-6300)
                       KLEINMAN LLC
                       626 RXR Plaza
                       Uniondale, NY 11556-0626
                       Telephone: (516) 522-2621
                       Facsimile: (888) 522-1692
                       E-Mail: akleinman@kleinmanllc.com

                       *Attorney for Plaintiff, Jean M. Pettaway*