UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JEAN M. PETTAWAY, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>   *vs*.<br><br>NATIONAL RECOVERY SOLUTIONS, LLC; US ASSET MANAGEMENT, INC.; and JOHN AND JANE DOES 1-50,<br><br>      Defendants. | CASE 1:19-CV-01328-GBD<br><br>**CLASS ACTION**<br><br>**AMENDED COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**DEMAND FOR JURY TRIAL** |

## I. PRELIMINARY STATEMENT

1. Plaintiff, JEAN M. PETTAWAY, individually and on behalf of all others similarly situated, brings this action for the illegal practices of Defendants, NATIONAL RECOVERY SOLUTIONS, LLC ("NRS"), US ASSET MANAGEMENT, INC. ("US ASSET"), and JOHN AND JANE DOES 1-50 ("DOES") (collectively, "Defendants") who, inter alia, used false, deceptive, and misleading practices, and other illegal practices, in connection with their attempts to collect an alleged debt from PETTAWAY and others similarly situated.

2. PETTAWAY alleges that Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA").

3. Such collection practices include, inter alia, sending consumers written communications in an attempt to collect debts, which falsely state the consumers' alleged defaulted and charged-off debts are continuing to accrue daily interest, late charges, and other charges, and which falsely, deceptively, and misleadingly presents a settlement offer as if it is a one-time, take-it-or-leave-it offer.

4. The FDCPA regulates the behavior of collection agencies attempting to collect a

debt on behalf of another. Congress, finding evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

6. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); the threat to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

7. The FDCPA at 15 U.S.C. § 1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-exhaustive list of certain *per se* violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f (1)-(8).

8. The FDCPA at 15 U.S.C. §1692g mandates that a debt collector, in its initial

communications with a consumer in connection with the collection of any debt, send the consumer a written notice containing a non-exhaustive list of certain disclosures. Among these *per se* violations are: failing to state the amount of the debt, 15 U.S.C. 1692g(a)(1).

9. PETTAWAY, individually and on behalf of all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

## II.   PARTIES

10. PETTAWAY is a natural person.

11. At all times relevant to this lawsuit, PETTAWAY was a citizen of, and resided in, the Borough of the Bronx, Bronx County, New York.

12. At all times relevant to this Complaint, NRS is a limited liability company existing pursuant to the laws of the State of New York.

13. Plaintiff is informed and believes, and on that basis alleges, that NRS maintains its principal business address at 6425 Dysinger Road, Town of Lockport, Niagara County, New York.

14. At all times relevant to this Complaint, US ASSET is a corporation existing pursuant to the laws of the State of Delaware.

15. Plaintiff is informed and believes, and on that basis alleges, that US ASSET maintains its principal business address at 700 Longwater Drive, Town of Norwell, Plymouth County, Massachusetts.

16. Defendants JOHN AND JANE DOES 1-50 are sued under fictitious names because their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this Complaint by inserting the true names and capacities of these DOE defendants once they are

ascertained.

### III. JURISDICTION & VENUE

17. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1337.

18. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to PETTAWAY's claims occurred within this federal judicial district, and because the Defendants are each subject to personal jurisdiction in the State of New York at the time this action is commenced.

### IV. FACTS ABOUT DEFENDANTS

19. According to its website, "U.S. Asset Management, Inc. is an experienced and compliant, privately funded debt purchaser [who will] work with all consumers to reach attainable, affordable solutions to resolve their debts." https://usassetmgt.com/ (accessed Apr. 3, 2019).

20. US ASSET regularly purchases defaulted consumer debts from third parties.

21. After purchasing defaulted consumer debt from third parties, US ASSET undertakes to liquidate the debt both directly and indirectly.

22. One way that US ASSET liquidates defaulted consumer debts is by outsourcing its collection efforts to collection agencies such as NRS.

23. A majority of US ASSET's revenue is derived from the liquidation of defaulted consumer debts.

24. According to its website, "National Recovery Solutions, LLC is a … debt recovery agency. Our focus is in the collection of higher education and government debt." http://www.nrsolutionsllc.com/about.htm (accessed Apr. 3, 2019).

25. NRS regularly engages in the collection of defaulted consumer debts.

26. NRS regularly engages in the collection of defaulted consumer debts owed to

others.

27. In attempting to collect debts, NRS uses the mails, telephone, the internet, and other instruments of interstate commerce.

28. NRS is a business the principal purpose of which is the collection of defaulted consumer debts.

29. Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES 1-50, are natural persons and/or business entities all of whom reside or are located within the United States who are personally created, instituted, and, with knowledge that such practices were contrary to law, acted consistent with and oversaw the violate policies and procedures used by the employees of NRS and US ASSET that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by NRS and US ASSET and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

## V. FACTS RELATING TO PLAINTIFF

30. NRS mailed or caused to be mailed a collection letter to PETTAWAY dated August 29, 2018.

31. A true and correct copy of the letter is attached hereto as *Exhibit A*.

32. The letter was a form letter because it was created by merging a template containing text and graphics with placeholders in designated locations on the template to be replaced with discrete information about the recipient and the debt. Frequently, businesses such as NRS contract for the services of a mailing vendor who, after receiving in electronic form both the template and the data to merge with the template, will merge the data and template to create an electronic version of the form letter, print it, stuff it in an envelope, mail it, track returned mail, and provide to NRS or make available to it, one of more reports containing information about

each mailing.

33.     The letter alleged US ASSET purchased an account which PETTAWAY originally opened with "SWB Private Ed Lo" and US ASSET had placed the account with NRS for collection.

34.     The letter asserted that PETTAWAY owes a financial obligation ("Debt") on the account for "Amount Due" on the account which the letter states is "$26,610.58."

35.     The Debt arose from a loan that Plaintiff co-signed to enable the son of a former boss to attend a school, college, or university.

36.     The letter was NRS's first communication with PETTAWAY in NRS's attempt to collect the Debt.

37.     On information and belief, sometime prior to August 29, 2018, US ASSET placed the Debt with NRS for collection.

38.     The loan or loans comprising the Debt had been accelerated and charged off prior to August 29, 2018.

39.     The letter appears to be type-signed by Adam Wertman, a Senior Account Specialist at NRS.

40.     Immediately below Mr. Wertman's signature is a notice to New York City residents followed by this paragraph ("Disclaimer"):

> As of the date of this letter, you owe $26,610.58. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection.

41.     Since the date of the letter, there have been and never will be "late charges" or any "other charges" which could increase the amount of the Debt on or after the date of the letter.

42. US ASSET did not, does not, and never will add late charges or other charges to increase the amount of the Debt.

43. NRS did not, does not, and never will add late charges or other charges to increase the amount of the Debt.

44. As of the date of the letter, neither NRS, US ASSET, nor any other creditor could legally or contractually impose "other charges" on the Debt.

45. Consistent with its practices and policies, US ASSET did not add interest to the Debt and, at the time NRS mailed the letter, never intended to charge interest on the Debt.

46. The Disclaimer inaccurately describes the amount of the Debt because it states the possibility that the amount of the Debt will increase due to late charges and other charges when such an increase is impossible.

47. The Disclaimer inaccurately describes the amount of the Debt because it states that late charges and other charges "may vary from day to day" when, in fact, there are neither late charges nor other charges and, therefore, they can never "vary from day to day."

48. The Disclaimer is false, deceptive, and misleading to the least sophisticated consumer because it falsely suggests that the amount of the Debt have the possibility of increasing due to "late charges and other charges" when, in fact, it was impossible for the Debt to increase due to late charges or other charges.

49. The letter stated that "[a]t this time" NRS would accept $21,288.46 as "settlement in full" against the $26,610.58 stated to be due on the account. NRS's letter described "[t]his offer is time sensitive and must be received in our office on or before 10/09/2018." *See*, **Ex. A**.

50. On information and belief (informed, in part, by Plaintiff's counsels' combined experience in representing defendants in state court debt collection lawsuits and representing

plaintiffs asserting FDCPA claims), NRS's authority from US ASSET, and US ASSET would agree to settle the Debt "in full" was not limited to reducing the balance to a one-time payment of $21,288.46 or to receipt of that or a lesser amount by October 9, 2018.

51. The letter made false or misleading statements about the settlement authority NRS held from US ASSET both in the discount it was authorized to offer and the time within which PETTAWAY was allowed to accept the offer.

52. The letter's settlement offers is in the idiom of limited-time or one-time sales offers, clearance sales, going-out-of-business sales, and other temporary discounts which falsely, deceptively, and misleadingly leads the least sophisticated consumer to think that if the payment of the reduced amount is not paid by the deadline, there will be no further chance to settle the Debt for less than the full amount.

53. The letter deprived PETTAWAY of truthful, non-misleading, information in connection with Defendants' attempt to collect a debt.

## VI. POLICIES AND PRACTICES COMPLAINED OF

54. It is the policy and practice of Defendants to engage in unfair and deceptive acts and practices in violation of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), 1692g(a)(1), and 1692f(1), by sending consumers letters, such as ***Exhibit A***, that falsely state the consumers' defaulted consumer loan debts will continue to accrue "late charges and other charges" and present offers falsely appearing to be a one-time, take-it-or-leave-it offer.

## VII. CLASS ALLEGATIONS

55. Plaintiff brings this claim seeking certification to proceed as a class action under Fed. R. Civ. P. 23(a) and 23(b)(3).

56. Class Definition. The Class consists of: All natural persons to whom NATIONAL RECOVERY SOLUTIONS, LLC mailed its initial written communication in an attempt to

collect a charged-off student loan purchased by US ASSET MANAGEMENT, INC. to an address in the State of New York during the Class Period which begins on February 12, 2018 and ends on March 5, 2019 which included either (A) a settlement offer described as, "This offer is time sensitive and must be received in or office on or before" a specified date, or (B) included the sentence, "Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater."

57. The identities of the Class members are readily ascertainable from the business records of Defendants.

58. Class Claims. The Class claims include all claims each Class member may have for a violation of the FDCPA arising from NRS's initial written communication.

59. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

60. Numerosity. On information and belief, the Class is so numerous that joinder of all members would be impractical and includes at least 40 members.

61. Common Questions Predominate. Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members because such questions and issues concern the same conduct by Defendants with respect to each Class member.

62. Typicality. PETTAWAY's claims are typical of Class because those claims arise from a common course of conduct engaged in by Defendants.

63. Adequacy. PETTAWAY will fairly and adequately protect the interests of the Class members because she has no interests that are adverse to the interests of the Class members.

Moreover, PETTAWAY is committed to vigorously litigating this matter and retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither PETTAWAY nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

64. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to the Class members predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

65. Based on discovery and further investigation (including, but not limited to, disclosure by Defendants of class size and net worth), PETTAWAY may, in addition to moving for class certification using modified Class claims, Class definitions, or Class periods, seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

VIII. **CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**66.** Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

67. NRS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

68. US ASSET is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

69. JOHN AND JANE DOES 1-50 are each a "debt collector" as defined by 15 U.S.C. § 1692a(6).

70. The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

71. PETTAWAY is a "consumer" as defined by 15 U.S.C. § 1692a(3).

72. *Exhibit A* is a "communication" as defined by 15 U.S.C. § 1692a(2).

**73.** NRS and US ASSET, collectively and individually, violated the FDCPA. NRS

and US ASSET's violations with respect to the written communications in the form attached as *Exhibit A* include, but are not limited to, the following:

   a. Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

   b. Making false, deceptive, and misleading representations concerning the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   c. Making false threats to take action that cannot legally be taken and/or that is not intended to be taken in violation of 15 U.S.C. §§ 1692e and 1692e(5);

   d. Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10);

   e. Failing to provide the amount of the debt in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692g(a)(1); and,

   f. Using an unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692f.

### IX.   PRAYER FOR RELIEF

74.   WHEREFORE, Plaintiff respectfully requests the Court enter judgment in her favor and in favor of the Class and against Defendants, jointly and severally, as follows:

   a. An order certifying that this Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure including, but not limited to, defining the Class, the class claims, appointing Plaintiff as the class representative, and the undersigned counsel to represent the Class;

   b. An award of statutory damages for Plaintiff and the Class pursuant to 15 U.S.C. §1692k(a)(2)(B);

    c.  An incentive award for Plaintiff, to be determined by the Court, for Plaintiff's services to the Class;

    d.  Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. §1692k(a)(3);

    e.  An award of actual damages to Plaintiff and the Class to the extent the recovery of reasonable attorneys' fees and costs cause a negative tax consequence to Plaintiff and/or the Class; and

    f.  For such other and further relief as may be just and proper.

## X.   JURY DEMAND

75.   Plaintiff hereby demands that this case be tried before a Jury.

DATED:   April 3, 2019

                                    *s/Philip D. Stern*
                          Philip D. Stern, *pro hac vice*
                          Andrew T. Thomasson, *pro hac vice*
                          Francis R. Greene, *pro hac vice*
                          STERN•THOMASSON LLP
                          150 Morris Avenue, 2nd Floor
                          Springfield, NJ 07081
                          Telephone (973) 379-7500
                          Email: Philip@SternThomasson.com
                                    Andrew@SternThomasson.com
                                    Francis@SternThomasson.com

                          Abraham Kleinman (AK-6300)
                          KLEINMAN LLC
                          626 RXR Plaza
                          Uniondale, NY 11556-0626
                          Telephone:  (516) 522-2621
                          Facsimile:  (888) 522-1692
                          E-Mail:  akleinman@kleinmanllc.com

                        *Attorney for Plaintiff, Jean M. Pettaway*