**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- x

JEAN M. PETTAWAY, *individually and on behalf of all others similarly situated*,

                         Plaintiff,

                         -against-

NATIONAL RECOVERY SOLUTIONS, LLC, US ASSET MANAGEMENT INC. and JOHN AND JANE DOES 1-50,

                         Defendants.

------------------------------------- x

ORDER

19 Civ. 1328 (GBD)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Jean M. Pettaway brings this action against Defendants National Recovery Solutions, LLC ("NRS"), US Asset Management, Inc. ("US Asset"), and John and Jane Does 1-50 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p ("FDCPA"), arguing that Defendants falsely stated the potential interest, late charges, and other charges associated with her consumer debt. Before this Court is Defendants' motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), and for attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k ("Mot. to Dismiss," ECF No. 13), which argues that Defendants used safe harbor language that has been expressly approved by the Second Circuit in *Avila v. Reixinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. 2016). (*See* Mem. of Law in Supp. of Def.'s Mot. to Dismiss and for Attorneys' Fees and Costs ("Mem. in Supp."), ECF No. 13-1, at 1.) Defendants' motion to dismiss the complaint is GRANTED. Defendants' request for attorneys' fees and costs is DENIED.

.

## I. FACTUAL BACKGROUND

Defendant US Asset "purchases defaulted consumer debts from third parties" and, with the assistance of Co-Defendant NRS, liquidates these debts by filing lawsuits to collect them. (Compl., ECF No. 1, ¶ 20; *see also id.* ¶¶ 21–26.) Plaintiff alleges that she received a collection letter from NRS, dated August 29, 2018, which provides in relevant part:

> As of the date of this letter, you owe $26,610.58. *Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater.* Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection.

(Compl., Ex. A at 1 (emphasis added).)

According to Plaintiff, "though interest was accruing, late charges and other charges were not accruing on the Debt[,]" and she does not believe that Defendants ever intended to add late or other charges. (*Id.* ¶ 36 *see also id.* ¶¶ 38, 40–41.)

## II. PROCEDURAL HISTORY

On April 2, 2019, Defendants filed a letter motion requesting that this Court grant their motion to dismiss in its entirety because Plaintiff failed to file an opposition fourteen (14) days after service of the moving papers pursuant to Local Civil Rule 6.1(b)(2). (*See* Letter Mot. from Brian D. Gwitt to this Court on April 2, 2019, ECF No. 17.) In response, on April 3, 2019, Plaintiff filed an amended complaint, arguing that such amendment was made as of right because it was filed within twenty-one (21) days of Defendants' 12(b) motion in accordance with Federal Rule of Civil Procedure 15(a)(1)(B). (*See* Am. Compl., ECF No. 18 and Pl.'s Opp'n to Def.'s Mots. ("Pl.'s Opp'n"), ECF No. 19.) Plaintiff further claims that the amended complaint moots Defendants' motion to dismiss and subsequent letter motion. (*See* Pl.'s Opp'n.) On April 4,

2019, this Court's docketing clerks informed Plaintiff that the amended complaint was filed incorrectly and advised that this "Court's leave will be required to re-file [because] the pleading was incorrectly filed on the 21st day[.]" (4/4/2019 ECF entry.) Plaintiff therefore filed a letter motion on April 5, 2019, requesting leave from this Court to file the proposed amended complaint. (Letter from Philip D. Stern to this Court on April 5, 2019, ECF No. 20.) Defendants filed an objection on April 9, 2019. (Letter from Brian D. Gwitt to this Court on April 9, 2019, ECF No. 21.)

Because Plaintiff failed to correctly file her amended complaint within the necessary 21-day period, this Court will consider Plaintiff's original complaint in evaluating Defendants' motion to dismiss and will separately assess the validity of Plaintiff's application to amend her complaint.

### III.   LEGAL STANDARDS

#### A. 12(b)(6) Motion to Dismiss Standard.

The 12(b)(6) pleading standard requires this Court to accept "all factual allegations in the complaint as true and draw[] all reasonable inferences in the [P]laintiff's favor." *Testa v. Becker*, 910 F.3d 677, 682 (2d Cir. 2018). The complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a 12(b)(6) motion, the complaint's factual allegations must "state a claim for relief that is plausible on its face." *Testa*, 910 F.3d at 682. A court considers a number of factors in determining plausibility, including "the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L–7 Designs, Inc. v. Old Navy,*

*LLC,* 647 F.3d 419, 430 (2d Cir. 2011). In the context of a motion to dismiss, a court must only "assess the legal feasibility of the complaint, not . . . the weight of the evidence which might be offered in support thereof." *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Trust Co. of New York,* 375 F.3d 168, 176 (2d Cir. 2004) (internal quotation mark omitted). The court may also consider "any written instrument attached to the complaint as an exhibit, any statement or documents incorporated in it by reference, and any document upon which the complaint heavily relies." *In re Thelen LLP,* 736 F.3d 213, 219 (2d Cir. 2013).

**B. Fair Debt Collection Practices Act (FDCPA)**

Congress passed the FDCPA to discontinue "the use of abusive, deceptive, and unfair debt collection practices." *Jacobson v. Healthcare Fin. Servs., Inc.,* 516 F.3d 85, 89 (2d Cir. 2008) (citing 15 U.S.C. § 1692(a)). To this end, the FDCPA prohibits the "use [of] any false, deceptive, or misleading representation or means in connection with the collection of any debt[,]" and "unfair or unconscionable means to collect or attempt to collect any debt." *Id.; see also* 15 U.S.C. §§ 1692e, 1692f. Consumers have the "right to dispute a debt claimed by a debt collector, and to seek verification of the validity of the debt." *Jacobson,* 516 F.3d at 89 (citing 15 U.S.C. § 1692g(b)). To ensure that the consumer is aware of these rights, "the Act requires the debt collector, as the party in the better position to know the law, to inform the consumer . . . [by] written notice[.]" *Id.* at 90.

Because it is "primarily a consumer protection statute," the FDCPA must be construed liberally. *Avila,* 817 F.3d at 75 (internal citation omitted). Therefore, in determining whether a debt collector has violated the FDCPA, the Second Circuit adopted the "least sophisticated consumer" standard to determine "whether a collection letter violates § 1692e[.]" *Clomon v.*

4

*Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). Courts have identified a number of ways in which a collection notice may violate this standard. For example, a notice will be deemed false or misleading if it "contain[s] language that 'overshadows' or 'contradicts' other language that informs consumers of their rights [or] . . . employ[s] formats or typefaces which tend to obscure important information that appears in the notice." *Id.* at 1319 (internal citations omitted). Still, "collection notices are not deceptive simply because certain essential information is conveyed implicitly rather than explicitly" and "even the 'least sophisticated consumer' can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Id.* (internal citations omitted).

## IV. THE MOTION TO DISMISS IS GRANTED.

### A. The Original Complaint Fails To State A Claim Upon Which Relief Can Be Granted.

The following language is disputed: "Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater." (Compl., Ex. A at 1.) Plaintiff reads this sentence to suggest that interest, late charges, and other additional charges *will* accrue if a consumer fails to timely pay his or her debt, and that, because late charges and other charges were not accruing in this particular case, NRS's collection notice was false or misleading under the FDCPA. This reading is incorrect.

First, the Second Circuit specifically adopted the language with which Plaintiff takes issue in order to avoid confusion. In *Avila*, Plaintiffs Annmarie Avila and Sara Elrod argued that their collection notices were false or misleading because they "stated each plaintiff's 'current balance' but did not disclose that this balance was continuing to accrue interest or that, if

5

plaintiffs failed to pay the debt within a certain amount of time, they would be charged a late fee." 817 F.3d at 74. The panel held "that Section 1692e requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees" because a consumer would not otherwise know whether the debt had been paid in full. *Id.* at 74; *see also id.* at 76. The Second Circuit then adopted safe harbor language that was utilized by the Seventh Circuit in *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*,[1] for future collection notices:

> As of the date of this letter, you owe $____ [the exact amount due]. *Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater.* Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1–800–[phone number].

*Id.* at 77 (emphasis added). The court clarified that a debt collector using this verbiage would receive "safe-harbor treatment," and would "not be subject to liability under Section 1692e for failing to disclose that the consumer's balance may increase due to interest and fees if the collection notice . . . accurately informs the consumer that the amount of the debt stated in the letter will increase over time[.]" *Id.* In this case, NRS used this language to ensure that Plaintiff was not misled by the outstanding balance of $26,610.58[2] on her collection notice. Plaintiff now argues that this language, already adopted by the Second Circuit to thwart confusion regarding a consumer's debt balance, is false or misleading as used by Defendants. Because this language receives safe harbor protection, Defendants' motion to dismiss the complaint is GRANTED.

---

[1] 214 F.3d 872 (7th Cir. 2000).

[2] The collection notice also states that NRS would have accepted "$21,288.46 as settlement in full" at that time. (Compl., Ex. A at 1.)

6

Second, even if the language in dispute did not receive safe harbor protection, the collection notice does not violate the FDCPA because it clearly states that interest, late charges, and other charges "*may* vary from day to day," not that they *will*. (Compl., Ex. A at 1.) Indeed, NRS's notice is accurate if interest, late charges, or any other charge accrues daily.

Following the Second Circuit's direction, the defendant in *Avila v. Reliant Capital Sols., LLC* used this language in its collection notice. No. 18 Civ. 2718 (ADS)(ARL), 2018 WL 5982488 (E.D.N.Y. Nov. 14, 2018). In that case, Reliant Capital Solutions sent a collection notice to Plaintiff Annmarie Avila, similarly stating that interest, late charges, and other charges *may* accrue if her debt was not timely paid, and Plaintiff argued that this language was false or misleading because, while her debt was accruing interest, it was not accruing late fees and other charges. *See id.* at *4. Judge Spatt disagreed, reasoning that the notice correctly stated "that any of these additional charges *may* increase over time. In order for the safe harbor language to be accurate, it is only necessary for one of the three components to change." *Id.* Therefore, because Plaintiff incorrectly reads the collection notice to provide that interest, late charges, and other charges *will* accrue, when the language clearly suggests that one or more *may* accrue,[3] the least sophisticated consumer would not be misled by NRS's collection notice.[4]

### B. Plaintiff's Amended Complaint Does Not Moot Defendants' Motions.

Plaintiff argues that her amended complaint moots Defendants' motion to dismiss and

---

[3] Recall that the FDCPA charges "even the 'least sophisticated consumer' . . . to read a collection notice with some care." *Clomon*, 988 F.2d at 1319.

[4] Moreover, Plaintiff fails to demonstrate how Defendants used "unfair or unconscionable means to collect" her debt pursuant to 15 U.S.C. § 1692f, and does not allege that NRS's collection notice was deficient under 15 U.S.C. § 1692g. As stated above, the notice appropriately indicated that Plaintiff's balance could increase over time due to accrued interest and/or charges.

7

subsequent April 2, 2019 letter motion. (*See* Pl.'s Opp'n.) Though the amended complaint adds more detail to Plaintiff's factual allegations,[5] Plaintiff fails to demonstrate how her edits contravene NRS's use of the safe harbor language already adopted by the Second Circuit.[6] Therefore, Plaintiff's application is DENIED.

## V. DEFENDANTS' REQUEST FOR ATTORNEYS' FEES AND COSTS IS DENIED.

Section 1692k of the FDCPA provides that "any debt collector who fails to comply with" the Act is required to pay a plaintiff in a successful action the costs and reasonable attorneys' fees associated with that action as determined by the court. 15 U.S.C. § 1692k(a)(3). Accordingly, a plaintiff is entitled to reasonable attorneys' fees and costs when he or she prevails against a debt collector whose notice is false or misleading. *See, e.g.*, *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 87–89 (2d Cir. 1998) ("Where a plaintiff prevails, whether or not he is entitled to an award of actual or statutory damages, he should be awarded costs and reasonable attorneys' fees in amounts to be fixed in the discretion of the court."); *see also Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir. 1989) (same).

The FDCPA "also gives the district court the power to award fees against abusive plaintiffs" if a court finds that an action "was brought in bad faith and for the purpose of harassment[.]" *Jacobson*, 516 F.3d at 95. In such case, "the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." *Id.* at 95–96. Courts

---

[5] The amended complaint also incorrectly characterizes the collection notice as a "one-time, take-it-or-leave-it offer." (*See* Am. Compl. ¶¶ 3, 54.) However, the collection notice merely informs Plaintiff of financial obligations that may accrue as a result of her delayed payment. It thus does not operate as a "take-it-or-leave-it" offer or "going-out-of-business sale" as Plaintiff contends. (*See id.* ¶ 52.)

[6] Plaintiff's edits only further explain U.S. Asset's operations, (*see, e.g.*, Am. Compl. ¶¶ 19, 22–24), the collection notice, (*see id.* ¶¶ 32–34, 39–40), and other tangential details.

have not applied this standard permissively. For example, in *Huebner v. Midland Credit Mgmt., Inc.*, defendant Midland Credit acted as an agent for Verizon to collect a $131.21 debt from plaintiff Levi Huebner. *See* 897 F.3d 42, 46 (2d Cir. 2018). Huebner called Midland Credit to dispute his outstanding debt, and secretly recorded his conversation with employee Emma Elliott. *See id.* Elliott initiated the conversation by stating, "[j]ust advise me [of] what your dispute is[,] and I can see if I can assist you with that[.]" *Id.* at 47. Instead of telling her the purpose of his dispute, Huebner repeatedly stated that he just wanted "it" off his credit report, without telling Elliott what "it" was. *See id.* In affirming the district court's sanction of Huebner, the Second Circuit found that Huebner, as an attorney, played a large role in crafting his own oppressive litigation strategy. *See id.* at 57. For example, Huebner fed his attorney almost every question during a deposition, repeatedly changed his legal theory, and "'attempt[ed] to entrap [Elliott] into committing an FDCPA violation' for the purpose of pursuing []his lawsuit. Indeed, Huebner suggested in his opposition to sanctions that he had called Midland Credit not to dispute his debt, but rather to 'test[ ]' its FDCPA compliance." *Id.* at 50 (internal citation omitted).

Here, Defendants argue that Plaintiff and her counsel behaved in bad faith and to harass Defendants because counsel "filed the underlying action that resulted in the Second Circuit's decision in *Avila* . . . [and] filed the underlying action that resulted in the Eastern District's dismissal in *Reliant Capital*." (Mem. in Supp. at 8.) Therefore, Plaintiff, through her counsel, "must have been well aware of its impact[,]" and should have known that her claims lacked legal support. (*Id.* at 7–8.) However, the fact that a claim is meritless alone is not enough to grant

attorneys' fees and costs under the FDCPA. In *Simmons v. Roundup Funding, LLC*, the Second Circuit recognized that the defendant's argument in favor of finding bad faith and harassment was "premised upon the conclusion that the action was meritless and properly dismissed on the pleadings." 622 F.3d 93, 97 (2d Cir. 2010). The court held that "the assertion of the claim did not by itself prove bad faith." *See id.* The court thus remanded the case to the district court for further fact-finding on whether an award of reasonable attorneys' fees and costs was appropriate.[7] Here, the fact that Plaintiff's attorney also represented the plaintiffs in *Avila* and *Reliant Capital Services, LLC* does not definitively prove that Plaintiff filed this suit in bad faith and to harass Defendants. Therefore, Defendants' request for attorneys' fees and costs is DENIED.

## VI. CONCLUSION

Defendants' motion to dismiss, (ECF No. 13), is GRANTED. Defendants' request for attorneys' fees and costs is DENIED.

Plaintiff's motion for leave to file an amended complaint, (ECF No. 20), is DENIED. The Clerk of Court is also directed to close ECF No. 17, accordingly.

Dated: May 20, 2019
      New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

---

[7] Though the court in *Simmons* noted that the issue in that case had not yet been decided by the Second Circuit, as distinguished from this case, it notably found that the district court should have inquired further into whether Plaintiff acted in bad faith or for the purpose of harassing the Defendant to better assess whether attorneys' fees and costs was warranted. *See* 622 F.3d at 97.